# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-145-RLV-DCK

| | |
|---|---|
| **PRIME WIRE & CABLE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JOHN and JANE DOES,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Limited Expedited Discovery" (Document No. 3). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion, with modification.

## BACKGROUND

Prime Wire & Cable, Inc. ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1) on December 14, 2015. The Complaint asserts claims for: (1) Misappropriation Of Trade Secrets (N.C.G.S. § 666-152 *et seq*.); (2) Computer Trespass (N.C.G.S. § 14-458); and (3) Unfair and Deceptive Trade Practices (N.C.G.S. § 75-1.1 *et seq*.). (Document No. 1). The crux of Plaintiff's allegations is that John and/or Jane Does 1-10 ("Defendants") misappropriated Plaintiff's confidential and trade secret information by accessing the company's computer network without authorization. (Document No. 1, pp.3-4).

"Plaintiff's Motion For Limited Expedited Discovery" (Document No. 3), filed December 21, 2015, seeks permission to serve subpoenas to specifically identify Defendants so that this lawsuit may proceed. (Document No. 3, p.1).

**DISCUSSION**

Plaintiff contends that its highly confidential trade secret information was posted to a website identified as "Pastebin" on July 5, 2015 and July 29, 2015. (Document No. 3-1, pp.1-2). Plaintiff also alleges that its "computer network in Mooresville, North Carolina was inundated with hundreds of "spam" e-mails from an anonymous sender in or around this time period." (Document No. 3-1, p.2). Plaintiff now seeks leave to "subpoena identifying information from the posting website Pastebin.com, the Internet service provider through which the Company's computer network was spammed, and subpoenas for depositions of former employees that had access to Plaintiff's trade secrets and computer network." (Document No. 3-1, p.3).

Plaintiff contends that courts apply a "good cause" standard to determine whether to authorize discovery prior to a Rule 26(f) conference. (Document No. 3-1, p.2) (citing Warner Bros. Records Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007)).

After careful consideration of the motion, the undersigned finds good cause to allow the requested discovery, with modification. Specifically, the undersigned will allow Plaintiff to serve a Rule 45 subpoena on Pastebin.com in an attempt to identify the person or persons who allegedly posted Plaintiff's confidential and trade secret information on that website on July 5 and/or 29, 2015. At this time, the undersigned is not persuaded that there is good cause to allow additional discovery regarding the alleged spam e-mails, or the depositions of unidentified former employees.

If and when Pastebin.com is served with a subpoena related to this matter, Plaintiff shall also provide a copy of this Order. Any information disclosed to Plaintiff in response to a Rule 45

2

subpoena may used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint. Pastebin.com shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Limited Expedited Discovery" (Document No. 3) is **GRANTED, with modification**, as described herein.

**IT IS FURTHER ORDERED** Plaintiff shall file a Status Report on or before **February 5, 2016**.

**SO ORDERED**.

Signed: December 22, 2015

David C. Keesler
United States Magistrate Judge